## THE PEOPLE v. AYALA.

### Appeal from the District Court of Arecibo.

No. 188.—Decided December 13, 1909.

CRIMINAL LAW—PUBLIC HEALTH—OBJECTION TO INFORMATION WHEN MUST BE RAISED.—Where the accused fails in due time to raise an objection to the information because it is not signed by the prosecuting attorney and goes to trial without presenting his objection for the consideration of the court, he is precluded by sections 145 and 146 of the Code of Criminal Procedure from presenting the same for the first time on appeal.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in a sworn complaint signed by Juan Torres, charging the defendant with a crime against the public health committed in Manatí, in that on May 3 of the current year he had and offered for sale adulterated milk as pure.

The trial was held in the District Court of Arecibo with the attendance of the *fiscal* and the defendant, and in view of the result of the evidence adduced thereat, he was sentenced on May 25, 1909, for violating section 337 of the Penal Code, to imprisonment in jail for two months, to pay a fine of $100 and the costs.

Ayala took an appeal from said judgment to this Supreme Court.

There is no statement of facts nor bill of exceptions.

But at the hearing counsel for the defendant orally alleged that the complaint had not been signed by the *fiscal* of the district, and on this ground that the defendant should be discharged, with the costs against The People.

The *fiscal* of this Supreme Court opposed the contention of the defense.

In the case of *The People of Porto Rico* v. *Arturo Aponte et al.,* decided November 11, 1905, in which the opinion was delivered by Mr. Justice Wolf, the court said:

"We are, moreover, of the opinion that sections 145 and 146 and section 83 of the Code of Criminal Procedure will prevent the appellants from raising the question of the manner in which the information was signed at this time. Sections 145 and 146 preclude the defendants from now objecting that the information was not subscribed and sworn to by the prosecuting attorney. An information is no less lacking in being subscribed and sworn to by another person than if the prosecution were being conducted by a *fiscal* of a district and he himself failed to affix his signature."

Maintaining the same doctrine now, it must be conceded that the objection now made is inopportune.

And as no other question is raised and as the penalties imposed conform to the provisions of the Act approved March 11, 1909, to amend section 337 of the Penal Code, and as we do not observe any error affecting the material rights of the defendant, the judgment should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.